CHARLES P. BARTLETT *vs.* DAVID A. CORLISS.

*Construction of the phrase "exclusive of water," used in a deed.*

The issue in this action of trespass *qu. cl.* was as to the construction to be given to the deed by which one McKenney, the defendant's grantor, obtained title to premises alleged by the defence to include the *locus in quo.* Harvey Fuller, owning a lot numbered thirteen and the northerly part of so much of the contiguous lot, numbered twelve, as lay easterly of a certain road, and between the road and No. 13, conveyed to said McKenney this northeasterly part of lot No. 12, "and enough off of the west end of No. 13 to make," with a parcel of the southeasterly part of No. 12 already owned by McKenney, "fifty acres, *exclusive of water.*" McKenney subsequently transferred to Corliss the estate which passed by this conveyance. *Held,* that the land at the southwesterly corner of lot No. 13, covered with water, was not excluded from the conveyance, but only from the computation, in ascertaining the fifty acres; that, in taking off the west end of lot No. 13, the line must be drawn from its northerly to its southerly boundary, and parallel to its westerly side; and that when, by the removal of an old dam, the water receded, the land thus uncovered (being the *locus in quo*) continued the property of the defendant: nor could parol testimony be received to change this construction of the phraseology of the deed.

ON REPORT.

TRESPASS *quare clausum,* for cutting and carrying away grass from lot numbered thirteen in the sixth range of lots in Hartford, in this county, "on the flat or meadow land." The defendant justified under a claim of title in himself to this land, derived from Harvey Fuller through Silas McKenney. The sufficiency of this justification depended entirely upon the construction to be given to this language in the descriptive part of the deed from Fuller to McKenney, viz.: "said land lying on the easterly side of the road running by said Fuller's house southerly, and is the same which was conveyed to me by deed from Joseph Tobin, being a part of lot number twelve in the fifth range, *and enough off of the west end of lot number thirteen in the sixth range, including a certain piece which the said Tobin conveyed to the said McKenney by deed, to make fifty acres, exclusive of water,* and for further par-

Bartlett *v.* Corliss.

ticulars referring to the above mentioned deed." The relative situation of the road, lots and water mentioned will be better understood, perhaps, from the accompanying plan.

Tobin's deed to McKenney was given March 1, 1828, and that to Fuller August 27, 1827, and Fuller's to McKenney (from which the above quotation was made) February 16, 1831. Tobin conveyed to Fuller a parcel of land sixty-three and a half rods long upon the road and on the line between lots twelve and thirteen, and thirty-seven rods wide, that being the distance from the road to No. 13; and to McKenney he conveyed the other parcel of the same size; so that there were little over twenty-nine acres and fifty-eight rods in so much of lot twelve as lay east of the road; requiring nearly twenty acres and one hundred and two rods from

lot No. 13 to make up fifty acres, had not any of it been overflowed.

The land from which the grass was taken was overflowed from 1819 to 1869 by means of a dam, used in operating mills below, which was removed in the latter year, and, by the consequent recession of the waters, this became meadow and grass land. It was conceded that if the land conveyed, by the deed of Feb. 16, 1831, from Fuller to McKenney, extended to the south line of lot No. 13, at that date covered by water, the grass was cut upon the defendant's own land. The court were to enter such judgment as the facts required. The plaintiff offered their depositions and some parol testimony to show that Messrs. Fuller and McKenney did not intend that any portion of the land covered by water should be conveyed by the former's deed to the latter, but agreed upon a hemlock tree as the southernmost point to which McKenney should hold in lot 13, which evidence was to be considered only in case it was legally admissible.

*Pulsifer & Bolster*, for the plaintiff.

Both parties claim title to the land in controversy by mesne conveyances from Harvey Fuller, who formerly owned the whole of No. 13 and all of 12 east of the highway; but the contest must be decided by the effect given to Fuller's deed of February 16, 1831, to McKenney. The description it contains, so far as it relates to No. 13, is ambiguous and uncertain as to courses, distances, bounds, location and quantity of land taken, so that the lines cannot be positively identified and traced upon the face of the earth. Hence the declarations and contemporaneous acts of the parties are admissible to show what land was intended to be embraced in the deed, and what lines and bounds they established and located. *Patrick* v. *Grant*, 14 Maine, 233; *Moody* v. *Nichols*, 16 Maine, 23; *Emery* v. *Fowler*, 38 Maine, 102; *Bradford* v. *Cressey*, 45 Maine, 9; *Knowles* v. *Toothaker*, 58 Maine, 172; *Kellogg* v. *Smith*, 7 Cush., 382.

*E. G. Harlow*, for the defendant.

Effect is to be given to the intention of the parties. *Pike* v.

*Monroe*, 36 Maine, 309 ; but this is to be gathered from the deed, if possible. *Long Wharf* v. *Palmer*, 37 Maine, 379 ; *Deshon* v. *Porter*, 38 Maine, 289.

Patent ambiguities admit of no parol explanation; and latent ones only when they arise *dehors* the record. Chitty on Contracts, 104, 105. The receding of the water carried the line to the original pond. *Hathorn* v. *Stinson*, 12 Maine, 183.

We are entitled to a strip off of the west end of No. 13, of uniform width, sufficient to make up fifty acres, without including the flowed land in the computation. The deed states this in clear and unambiguous terms, and parol testimony cannot be heard to control or vary it.

DICKERSON, J. This case calls for a construction of the description of the premises conveyed by the warrantee deed of Harvey Fuller to Silas McKenney, dated February 16, 1831, under which the defendant claims title. The wording of the description is as follows: "said land lying on the easterly side of the road running by said Fuller's house southerly, and is the same which was conveyed to me by deed from Joseph Tobin, being a part of lot number twelve in the fifth range, and enough off of the west end of lot number thirteen in the sixth range, including a certain piece which the said Tobin conveyed to said McKenney by deed, to make fifty acres, *exclusive of water*, and for further particulars referring to the above mentioned deed."

This description is to have such construction as the parties intended when the deed was given, if that is not repugnant to the rules of law; and their intention is to be ascertained primarily and mainly from the language used.

The reference in the description to the two Tobin deeds makes those deeds a part of the deed in controversy. It appears from an inspection of them that the boundaries of the respective parcels of land they convey are fully and completely given. There is, therefore, no difficulty in determining the quantity of land conveyed by them. Thus far there is no such uncertainty or ambig-

uity in the description as to allow the introduction of parol evidence to show the intention of the parties, since what in law can be made certain is to be regarded as certain.

Both parties proceed upon the assumption, quite apparent from the description of those two parcels, that the quantity of land they contain falls short of the call in the deed under consideration—fifty acres. The deed provides that this deficiency is to be made up by taking "enough off of the west end of lot number thirteen in the sixth range, exclusive of water" for that purpose.

We do not think that this clause in the description is either unintelligible, or ambiguous. In the first place the parcel of land to be taken from lot thirteen is to come "off of the west end of the lot;" that is, not from a part, but from the whole of the west end of the lot. It follows from this that the strip thus taken must be of equal width along the whole line of the west end of that lot, as there is nothing in the deed to indicate an inequality of width. In the next place, this strip must be of sufficient width to contain land enough "exclusive of water," which added to the other two parcels shall make fifty acres. The qualifying phrase, "exclusive of water," does not signify a boundary, or a limitation of the quantity of territory taken from lot thirteen by the deed, but the exclusion of that part of the land so taken, which is flowed with water, from the computation in making up the fifty acres necessary to answer the call in the deed. The meaning is the same as if that clause read, "besides," or "not computing," instead of "exclusive of," the water.

By the deed under consideration, the defendant's grantor acquired title to a strip of land extending across the whole of the west end of lot thirteen in the sixth range, of equal and sufficient width, besides the land therein flowed by water, to make fifty acres when added to the other parcel conveyed by the same deed, and to the land previously conveyed to the said grantee by Joseph Tobin.

This construction is not repugnant to any of the rules of law, gives effect to the intention of the parties, and establishes a boundary readily ascertainable from the data given in the deed.

Under this construction the defendant's title, acquired from the grantee of the deed under consideration extends to the south line of lot thirteen, making him the owner of the land where the alleged trespass was committed.

*Judgment for the defendant.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.